# In the United States Court of Federal Claims

Nos. 21-1116, 21-1118, 21-1119
(Filed Under Seal: February 7, 2024)
(Reissued for Publication: February 21, 2024)[1]

```
*************************************
CONNECTICUT YANKEE ATOMIC           *
POWER COMPANY,                      *
                                    *
            Plaintiff,              *
                                    *
      and                           *
                                    *
MAINE YANKEE ATOMIC POWER           *
COMPANY,                            *
                                    *
            Consolidated Plaintiff, *
                                    *
      and                           *
                                    *
YANKEE ATOMIC ELECTRIC              *
COMPANY,                            *
                                    *
            Consolidated Plaintiff, *
                                    *
      v.                            *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
*************************************
```

*Lucus A. Ritchie*, Pierce Atwood LLP, Portland, ME, counsel for Plaintiffs. With whom were *Katherine S. Kayatta* and *Cameron Goodwin*, of counsel.

*Daniel B. Volk*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant. With whom were *Igor Helman*, *Margaret J. Jantzen*, and *Elinor J. Kim*, U.S. Department of Justice, Civil Division, of counsel, and *Brighton Springer*, Office of the General Counsel, U.S. Department of Energy, of counsel.

---

[1] This Order was filed under seal on February 7, 2024, *see* [ECF 110], in accordance with the Protective Order entered on October 12, 2021, *see* [ECF 21]. The parties were given until February 21, 2024, to propose redactions. The parties filed a joint status report on February 21, 2024, stating that no redactions were needed. [ECF 112] at 2. Accordingly, the Court reissues this Order without redactions.

# ORDER

**DIETZ, Judge.**

In this consolidated action, Connecticut Yankee Atomic Power Company, Maine Yankee Atomic Power Company, and Yankee Atomic Electric Company (collectively, "the Yankees") seek damages from the United States for partial breach of contract by the Department of Energy ("DOE") arising from its failure to accept and dispose of the Yankees' spent nuclear fuel. Before the Court is the Yankees' motion to exclude the report and testimony of the government's damages expert, Andrew Mark Gmyr. Pls.' Mot. to Exclude [ECF 78]. For the reasons stated below, the motion is **DENIED**.

The government retained Mr. Gmyr as an expert "to review the financial performance of the Yankees' nuclear decommissioning trust (NDT) funds." Def.'s Opp. [ECF 88] at 2. The government utilized Mr. Gmyr's expert report in its cross-motion for summary judgment, arguing that the NDT investment gains exceed the claimed breach damages. Def.'s Cross-Mot. for Summ. J. [ECF 87] at 23. Citing Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), the Yankees argue that Mr. Gmyr's testimony and report should be excluded as irrelevant and unreliable. [ECF 78] at 5. The government counters that "[t]hese challenges do not speak to Mr. Gmyr's qualifications as an expert pursuant to Rule 702, but instead focus entirely on plaintiffs' objections to the Court's consideration of [its] arguments with respect the NDT earnings—a question that must be left for the parties' summary judgment motions." [ECF 88] at 5-6.

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702(a)-(d). The trial court must ensure that expert testimony is relevant and reliable. *Daubert*, 509 U.S. at 589; *Seaboard Lumber Co. v. United States*, 308 F.3d 1283, 1301 (Fed. Cir. 2002). Relevance turns on the question of whether the testimony will "help the trier of

fact to understand the evidence or to determine a fact in issue." *See Daubert*, 509 U.S. at 591; *David Boland, Inc. v. United States*, 2020 WL 5641873, at *1 (2020); Fed. R. Evid. 702(a). Reliability turns on the question of whether the testimony is grounded in methods and procedures that are accepted in the expert's discipline. *See Daubert,* 509 U.S. at 589-90; *David Boland, Inc.*, 2020 WL 5641873, at *1; Fed. R. Evid. 702(c). "The trial court acts as a 'gatekeeper' to exclude expert testimony that is irrelevant or does not result from the application of reliable methodologies or theories to the facts of the case." *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391 (Fed. Cir. 2003). However, "the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." *Id.* at 1392 (quoting Advisory Committee Note to Fed. R. Evid. 702) (internal quotation marks omitted). "[T]he *Daubert* inquiry is 'a flexible one' and [] the analysis will depend on the nature of the issue, the witness's expertise, and the subject of the testimony." *Id.* at 1391 (citing *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 150 (1999)). The trial judge has great discretion in deciding what expert testimony to allow. *Kumho Tire Co.*, 526 U.S. at 152-53.

Here, the Court finds that Mr. Gmyr's report and testimony is admissible. The Court is not persuaded by the Yankees' contention that Mr. Gmyr's testimony is irrelevant because "[t]here is no fit between the . . . [investment] gains in the NDTs and the Yankees' claimed costs incurred as a result of the Government's breach." [ECF 78] at 11. The Court is also not persuaded by the Yankees' contention that Mr. Gmyr's testimony is unreliable because he fails to follow his own methodology by not considering the benefit that ratepayers could have obtained if they retained the funds they contributed to the NDTs, *id*. at 12, and because his methodology produces arbitrary results by not factoring in decommissioning funding mechanisms other than the NDTs or external market forces affecting investments, *id*. at 16. In these contentions, the Yankees do not challenge Mr. Gmyr's qualifications or the relevance or reliability of the methodologies or theories he used to review the financial performance of the NDTs. Instead, they challenge the validity of the government's legal arguments in its summary judgment motion (where it argues that the Court should consider NDT investment earnings in its damages calculation) and further reinforce the legal arguments in their own cross-motion for summary judgment. The Yankees' contentions are properly resolved by the Court in a ruling on the parties' cross motions for summary judgment; they do not serve as a proper basis for excluding Mr. Gmyr's testimony. Accordingly, the Yankees' motion to exclude the report and testimony of Andrew Mark Gmyr [ECF 78] is **DENIED**.

Some information contained in this Order may be considered protected information subject to the Protective Order [ECF 21] entered on October 12, 2021. Accordingly, this Order is filed **UNDER SEAL**. The parties **SHALL CONFER** and **FILE on or before February 21, 2024**, a joint status report that: identifies information, if any, that the parties contend should be redacted; explains the basis for each proposed redaction; and includes an attachment of the proposed redactions for this Order.

    **IT IS SO ORDERED.**

                                    s/ Thompson M. Dietz
                                    THOMPSON M. DIETZ, Judge